## Case No. 16,051.

### UNITED STATES v. PITMAN.

[1 Spr. 196;[1] 15 Law Rep. 36.]

District Court, D. Massachusetts. March Term, 1852.

CRIMINAL JURISDICTION OF FEDERAL COURTS— PLUNDERING OF VESSEL.

1. The courts of the United States have jurisdiction over the offence of plundering, or stealing, property from, or belonging to a vessel, although she may be lying upon the shore; and even if the property has been plundered, after it has been separated from the vessel and thrown upon the shore.

2. Construction of the words "plunder or steal," in the "Crimes Act" of 1825, c. 65, § 9 [4 Stat. 116].

[Cited in U. S. v. Stone, 8 Fed. 250.]

[3. "Plunder," as used in this section, is a word of very broad and general description, including the criminal taking of the goods of another by open force, or by secret fraud and furtively, from a vessel in distress, etc.; and it also includes an embezzlement by the master and others.]

The prisoner, master of the ship Sterling, of Boston, was indicted, jointly with Samuel N. Dixey, master of the bark Missouri, of New York, and also separately, upon the 9th section of the statute of 1825, c. 65, commonly called the "Crimes Act." 4 Stat. 116. The statute provides, "that if any person or persons, shall plunder, steal, or destroy any money, goods, merchandize, or other effects, from, or belonging to any ship, or vessel, or boat, or raft, which shall be in distress, or which shall be wrecked, lost, stranded, or cast away, upon the sea, or upon any reef, shoal, bank, or rocks of the sea, or in any other place, * * * every person so offending, shall be deemed guilty of felony," &c. To the indictment, Dixey pleaded guilty, and Pitman, having put himself upon trial, was found guilty by the verdict of the jury. Motion for a new trial.

George Lunt, U. S. Dist. Atty.

R. Choate and Cyrus Cummings, for defendant.

SPRAGUE, District Judge.—The various points made for the prisoner, in this case, upon his motion for a new trial, resolve themselves into two. One is an objection to the jurisdiction; the other, that the verdict ought to be set aside, as against the evidence, and the weight of evidence. The defendant was tried upon three indictments, which, by agreement, were consolidated. These were so framed as to cover every contingency contemplated by the statute. Under the decision in U. S. v. Coombs, 12 Pet. [37 U. S.] 72, if the evidence in this case had shown the property plundered to have been separated from the vessel, and taken upon the shore, the indictment would still have been quite sufficient, and the jurisdiction would

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

have been sustained, under the power of congress to regulate commerce. The evidence submitted to the jury was, that the vessel missed stays, and went upon the beach, stern first. There can be no doubt that she was stranded when she touched the shore, nor any doubt that she was then within the jurisdiction of the United States. If afterwards she had gone high and dry, she would still have been stranded and wrecked, within the meaning of the statute. She was upon a beach, or shore, of the island of Sumatra, and upon an arm, or inlet of the sea, but still upon the sea.

The money was, in fact, taken on the sea; it was taken from the wrecked vessel into a boat, to be transported to the Sterling, and thus, when plundered, was actually on the sea, and so, unquestionably, within the admiralty and maritime jurisdiction.

The other point raised is, that the verdict is against the weight of evidence, because the testimony did not sufficiently show that the money was plundered. A suggestion is made that the money was taken from the wreck, whereas, the averment of the indictment is, that the money was "belonging to the vessel." The statute is in the alternative. Its expression is, "from, or belonging to;" and it is evident that money, so taken from the wreck, was belonging to it. The indictment alleges, that this money the defendant did "plunder, steal, take, and carry away." As the statute makes it an offence to plunder or steal, if the evidence prove either of these alternatives, it is sufficient.

It is suggested, that the word "steal," involves the crime of larceny, and the 6th section of the statute is referred to in support of this view. But the 9th section has no reference to the 6th. The language of the statute is, "plunder or steal." Now, as to the word "plunder." I would remark, that no instructions were asked, as to the meaning of this word, nor was any argument made by counsel upon this point. It was left to the jury, therefore, to determine whether plundering was made out. The word is, in fact, used in this section in its popular sense, in such a sense as would be understood by seamen, for instance, and as it would be used and understood in ordinary conversation. The jury found no difficulty in understanding it. It is contended by counsel, that "to plunder," means to take by force. But although this is undoubtedly one sense of the word, it by no means expresses its full meaning. The various lexicographers, who have been quoted at the bar, inform us that it means as well, taking by fraud. And so in the quotation made from the Scriptures, by the district attorney, where the words "to spoil." ("To spoil the Egyptians." Exodus, xii. 35, 36,) which the lexicographers give as one of the original synonyms of "plunder," were applied to a taking of property, of which the possession was originally obtained by consent. But it does not rest here.

So long ago as the time of Judge Peters, it was practically adjudged by him, that plundering was equivalent to embezzlement. Mariners v. The Kensington [Case No. 9,085]. And further, it will be found, by reference to the shipping articles used in England and this country, that the word "plunderage," is used in them, in a manner to imply, not a forcible taking, but a fraudulent taking, in fact, an embezzlement. And these words, "to plunder," are of very general meaning. They embrace robbery and fraudulent taking. A vessel may properly be said to be plundered, not only if openly attacked and robbed, but if property be taken from her furtively, in the night time, or after she has been abandoned by the crew. And I cannot doubt, that within the true meaning of this word, the evidence not only warranted, but required the verdict. The motion for a new trial is accordingly overruled.